UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:24CR59 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | ORDER |
| JAMILL H. MCDONALD, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court is yet additional motions filed *pro se* by Defendant Jamill McDonald. Docs. 113 and 114. The motions are DENIED.

First, McDonald seeks to compel the government to respond to his allegations that his grand jury indictment was altered or somehow missing from the official record of these proceedings. McDonald has previously been informed on multiple occasions that his indictment was never altered or amended and that the record contains a signed true bill from the grand jury. That signed true bill is not a part of the public record because this District has consistently followed the Judicial Conference Policy on Privacy and Public Access to Electronic Case Files which notes that:

> The following documents in a criminal case shall not be included in the public case file and should not be made available to the public at the courthouse or via remote electronic access:
>
> …
>
> documents containing identifying information about jurors or potential juror[.]

Thus, while a signed version of McDonald's indictment is maintained by the Clerk of Court, it is not part of the public record and will not be provided.

Moreover, despite McDonald's repeated assertions that the date of the execution of a search warrant was amended or altered, the Court has previously informed McDonald that the Government properly relied upon the law surrounding the import of the "on or about" language in the indictment. Moreover, to the extent that McDonald claims that the forfeiture provision of the indictment claims that the warrant was executed on October 18, 2023 when it was in fact executed several hours after midnight on what became October 19, 2023, the same law applies. The Government is not required to prove that *precise* date in order to obtain forfeiture. Accordingly, there is no basis to compel the Government to take any kind of action related to McDonald's unfounded allegations.

In his second motion, McDonald demands to know if the Assistant United States Attorney that was assigned to his case left his position due to some form of misconduct. McDonald demands the same information regarding the U.S. Attorney for this District that stepped down. While McDonald is not entitled to any information regarding these changes, the Court would note, definitively, that neither the U.S Attorney nor the Assistant United States Attorney changed their position based upon any misconduct or even any allegation of misconduct. Accordingly, McDonald's demand for information surrounding those changes is DENIED.

IT IS SO ORDERED.

April 9, 2025                                             */s/ John R. Adams*
Dated                                                           JUDGE JOHN R. ADAMS
                                                                           United States District Judge